29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Leroy A. PETERSON; Ardis Peterson, Plaintiffs-Appellants,
v.
Richard Allan FISHER; Traill County, a political
subdivision, Defendants-Appellees.
 No. 93-3654.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1994.
Filed: July 12, 1994.
 
 Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 An intoxicated Leroy A. Peterson was arrested for non-payment of child support on Friday evening and placed in the detoxification cell of the Traill County jail. On Saturday morning, he was transferred to the "bull pen" area of the jail, where he remained with other inmates until Monday. Peterson was sick all weekend. By Sunday night, other inmates reported to jailers that Peterson was disoriented and "seeing things." The jail log reflects that two different jailers talked to Peterson at 7:15 p.m. and 3:30 a.m., concluded that he was aware of his surroundings and in possession of his faculties, and telephoned Sheriff Richard Allen Fisher at his home to report. Fisher and the jailers concluded there was no medical emergency. Fisher instructed the jailers to check Peterson's cell every half hour all night, which they did, and to arrange for a physician to examine Peterson Monday morning. Unfortunately, before the medical exam could be scheduled Monday morning, Peterson fell in the jail and suffered a serious head injury.
 
 
 2
 Peterson and his wife commenced this action, alleging that Fisher's deliberate indifference to Peterson's serious medical need for alcohol withdrawal treatment violated 42 U.S.C. Sec. 1983, and alleging pendent state law claims against Fisher and Traill County. After the parties completed discovery, the district court granted Fisher summary judgment, concluding (i) "any assertion that Fisher was acting in a manner that was deliberately indifferent to [Peterson's] medical needs flies in the face of reality," and (ii) no reasonable jury could find that Fisher's conduct "constitute[d] reckless or grossly negligent conduct, or willful or wanton misconduct," the relevant standard for public employee liability under N.D. Cent. Code Sec. 32-12.1-04(3). The Petersons then dismissed their claims against Traill County and appealed this summary judgment ruling.
 
 
 3
 On appeal, the Petersons argue that genuine issues of material fact exist that preclude summary judgment dismissing their Sec. 1983 and state law claims against Sheriff Fisher. After careful review of the record, we conclude that the district court properly identified disputed fact issues, determined that those issues are not material, and granted Fisher's motion for summary judgment. In particular, summary judgment in this case is consistent with the Supreme Court's recent pronouncement that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Accordingly, the judgment of the district court is affirmed for the reasons stated in the district court's Memorandum and Order dated September 27, 1993. See 8th Cir. Rule 47B.